UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>AVID</small> B<small>OOTH</small> #258291,

   Plaintiff,           Hon. Phillip J. Green

v.                 Case No. 1:22-cv-348

U<small>NKNOWN</small> A<small>RTIS</small>, et al.,

   Defendants.
_____/

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 14). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). For the reasons discussed herein, Defendants' motion will be granted and this action terminated.

**BACKGROUND**

Plaintiff is presently incarcerated in the custody of the Michigan Department of Corrections (MDOC) at the Brooks Correctional Facility (LRF). Plaintiff initiated this action on April 14, 2022, against LRF Warden Fredeane Artis and LRF Deputy Warden Christopher King. (ECF No. 1). In his complaint, Plaintiff alleges the following.

On February 14, 2022, Plaintiff and his cellmate were both tested for COVID-19. Plaintiff tested negative, but his cellmate tested positive. Defendants denied Plaintiff's request to not be housed in a cell with a COVID-positive prisoner. On February 22,

1

2022, Plaintiff tested positive for COVID-19. Plaintiff alleges that Defendants, by forcing him to share a cell with a prisoner known to have tested positive for COVID-19, violated his Eighth Amendment rights. Defendants Artis and King now move for relief on the ground that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

2

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."

*Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

4

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

At the outset, the Court notes that Plaintiff's claim is premised on Defendants' alleged refusal to move him to another cell, rather than a generalized grievance about prison policy or a matter affecting other prisoners. Thus, Plaintiff was required to exhaust his claim through the MDOC grievance process. MDOC Policy Directive 03.02.130 ¶ F (Mar. 18, 2019).

In support of their motion, Defendants have submitted evidence establishing that Plaintiff, prior to initiating the present action, failed to pursue any grievance through all three steps of the prison grievance process. (ECF No. 15, PageID.72). In response to Defendants' motion, Plaintiff submitted an unsworn pleading in which he stated that he submitted a Step I grievance but that it was rejected because it asserted matters which were not grievable through the MDOC's grievance process. (ECF No. 19). Plaintiff indicated that his grievance and the response rejecting it were attached to his response. (*Id.*). However, no such exhibits were included with or attached to Plaintiff's response.

The Court delayed resolving Defendants' motion to afford Plaintiff the opportunity to submit the items referenced in his response. (ECF No. 21). Plaintiff failed to submit the items in question or otherwise respond to the Court's Order. Accordingly, the Court finds that Plaintiff has failed to present any evidence creating a factual dispute on the question whether he exhausted his administrative remedies in this matter. Finding that Defendants' have satisfied their burden on the question of exhaustion, Defendants' motion for summary judgment is hereby granted.

## **CONCLUSION**

For the reasons articulated herein, Defendants' Motion for Summary Judgment (ECF No. 14) is hereby granted and this action terminated. For the same reasons the undersigned grants Defendants' motion, the undersigned finds that an appeal of this matter by Plaintiff would not be in good faith. An Judgment consistent with this Opinion will enter.

Date: February 11, 2023                     /s/ Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge